# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

WILLIAM R. ABBOTT,        )
        Petitioner,     )
                     )      No. 23 CV 50321
v.                        )      Judge Iain D. Johnston
                     )
BRIAN LAMMER,        )
        Respondent.    )

## MEMORANDUM OPINION AND ORDER

Petitioner William Abbott is a prisoner at FCI Thomson.  Before the Court is his petition filed under 28 U.S.C. § 2241 challenging the Bureau of Prisons' computation of his sentence, specifically its determination that he is ineligible to earn First Step Act time credits towards his remaining sentence.  For the following reasons, Mr. Abbott's petition is denied.

Mr. Abbott pleaded guilty to one count of attempted enticement of a minor to engage in illegal sexual acts, *see* 18 U.S.C. § 2422(b), and one count of transporting child pornography, *see* 18 U.S.C. § 2552A(a)(1), (b)(1), 2256(1), (2), and (8)(A).  *See United States v. William Abbott*, No. 2:07 CR 214-1 (E.D. Va.).  He was sentenced to 264 months for the attempted enticement of a minor count, and 240 months imprisonment for the child pornography count, which the sentencing judge imposed to run concurrently.  *Id.* at Dkt. 33.  His anticipated release date is August 23, 2026.  *See* https://www.bop.gov/inmateloc/ (last visited July 11, 2024).

Mr. Abbott argues that he is entitled to credits towards his sentence because he has completed recidivism reduction programming, but that the Bureau of Prisons is wrongfully denying him those credits.  Under the First Step Act of 2018, a prisoner may earn credits against his or her sentence for successful participation in "evidence-based recidivism reduction programming or productive activities," up to 15 days of credit for every 30 days of programming.  *See* 18 U.S.C. § 3632(d)(4)(A).  However, a "prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law," including under "Section 2252A, relating to certain activities involving material constituting or containing child pornography."  18 U.S.C. § 3632(d)(4)(D)(xlii).

In response to Mr. Abbott's petition, the government argues that the Bureau of Prisons is right to deny him FSA time credits because he is ineligible to earn any.  Specifically, Mr. Abbott is serving a sentence for transporting child pornography in violation of 18 U.S.C. § 2252A, and thus under 18 U.S.C. § 3632(d)(4)(D)(xlii) he is ineligible to earn time credits.

Mr. Abbott argues that because he was sentenced not only for an offense that is ineligible for FSA time credits (child pornography under § 2552A), but also for an offense that is eligible for FSA time credits (attempted enticement of a minor under § 2422), he should still receive FSA

time credits. However, 18 U.S.C. § 3584(c) directs the Bureau of Prisons to treat "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently . . . as a single, aggregate term of imprisonment." Courts have interpreted § 3584(c) as requiring the Bureau of Prisons to consider consecutive terms of imprisonment, not all of which are for ineligible offenses, as an aggregate sentence for which a prisoner is ineligible to receive FSA credits. *See, e.g., Keeling v. Lemaster*, No. 22-6126, 2023 U.S. App. 31169 , at *3-4 (6th Cir. Nov. 22, 2023) (determining that under § 3584(c), prisoner was ineligible for FSA time credits even though only one of his offenses was ineligible); *Broadnax v. Keyes*, No. 22 CV 520, 2023 U.S. Dist. LEXIS 198134, at *4 (W.D. Wisc. Nov. 3, 2023) ("Consistent with § 3584(c), the BOP aggregated Broadnax's consecutive terms of imprisonment, which means that it deems him to be serving a single, aggregate term of imprisonment for all three convictions. And because prisoners serving a sentence for a conviction under § 924(c)(1)(A)(i) are specifically excluded from having FTCs applied to their sentences, § 3632(d)(4)(D)(xxii), Broadnax is ineligible to receive these credits."); *see also Teed v. Warden Allenwood FCI Low*, No 23-1181, 2023 U.S. App. LEXIS 18026, at *3-4 (3d Cir. July 17, 2023); *Sok v. Eischen*, No. 23-1025, 2023 U.S. App. 21463, at *1-2 (8th Cir. Aug. 17, 2023).

Mr. Abbott contends that his sentences for two separate counts should not be aggregated under 18 U.S.C. § 3584(c) because that statute is not divisible. In support he relies on a line of cases including the Supreme Court's decisions in *Taylor v. United States*, 495 U.S. 575 (1990) and *Mathis v. United States*, 579 U.S. 500 (2016). In those decisions the Supreme Court distinguishes between divisible statutes that set out elements of multiple offenses and indivisible statutes that set out alternative elements of a single offense. But the point of the categorical approach the Supreme Court applied in those cases is to determine the elements of a prior offense, and whether that offense can be used as a predicate for applying a sentencing enhancement. Mr. Abbott's petition does not raise any issue about the elements of any offense he committed before the offense for which he is currently incarcerated, or any issue about a sentencing enhancement. The *Taylor* and *Mathis* line of cases is therefore inapposite.

Mr. Abbott also contends that the Court should not defer to the Bureau of Prisons' decision to aggregate his sentence because in *Loper Bright Enterprises v. Raimondo*, No. 22-451, 603 U.S. --- (2024), the Supreme Court overruled precedent that required an agency's interpretation of an ambiguous statute be afforded deference. But § 3584(c)'s requirement that sentences be aggregated is not ambiguous, and the cases cited above applying the statute did not find it to be so, or defer to the Bureau of Prison's resolution of any ambiguity. Accordingly, *Loper Bright* is inapposite.

Because Mr. Abbott is serving an aggregated sentence that includes time for an ineligible offense, the Bureau of Prisons has correctly concluded that he is not entitled to FSA credits and so his petition [1] is denied. The Court need not address the government's argument that Mr. Abbott failed to fully exhaust his administrative remedies before filing this petition because, even assuming that he had exhausted, his petition would still fail on the merits. His motion for counsel [22] is denied because Mr. Abbott was able to detail the facts of his case and explain his arguments, and because counsel would not have changed the fact that he is ineligible for FSA credits because of the crime he committed. His motion to supplement [27] is granted and the

Court has taken into his account his argument about *Loper Bright*.  Finally, his motion to expedite [26] is stricken as moot.


Date:  July 11, 2024          By:  _____

Iain D. Johnston
United States District Judge